UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD SCOTT, | : |
|  | : |
| Petitioner | : No. 4:CV-05-1337 |
|  | : |
| vs. | : (Petition Filed 07/05/05) |
|  | : |
| EDWARD J. KLEM, | : (Judge Muir) |
|  | : |
| Respondent | : |

**ORDER**

July 12, 2005

Petitioner, Reginald Scott, an inmate confined in the State Correctional Institution, Frackville, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Along with the filing of his petition, Scott filed an application to proceed in forma pauperis. Named as respondents are Edward J. Klem, Superintendent at SCI-Frackville, and the Pennsylvania State Attorney General. Having taken judicial notice of related official court filings,[1] the Court will dismiss Scott's petition for habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll.

---

[1] Pursuant to F.R.E. 201, the Court takes judicial notice of the adjudicated facts and procedural history of Scott vs. Mechling, Civ. No. 03-1881 (M.D. Pa. 2004)(J. Muir).

§ 2254 (1977), as it is a second or successive petition presented without leave of the Court of Appeals.[2]

**Background**

On March 24, 1975, a jury sitting in the Court of Common Pleas of Dauphin County found Scott guilty of one count of murder in the second degree and two counts of robbery. On June 23, 1975 he was sentenced to life imprisonment, followed by a ten to twenty year term of incarceration. While Scott did not pursue any direct appeal of his conviction, he has filed a number of petitions challenging the validity of his conviction. Scott's initial petition for post-conviction relief was filed on October 11, 1979, pursuant to the Pennsylvania Post-Conviction Hearing Act. On March 5, 1995, Scott filed a petition pursuant to the Pennsylvania Post-Conviction Relief Act.

Notably absent from Scott's current petition is any recitation of a previously filed federal petition for habeas

---

[2] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the district judge to whom the case is assigned is required to examine a habeas corpus petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," and if so determined, "the judge shall make an order for its summary dismissal."

2

corpus relief. However, the Court's docket system and computerized legal research programs confirm that Scott has previously filed a habeas corpus petition. <u>See</u> Scott vs. Mechling, Civ. No. 03-1881 (M.D. Pa. 2004)(J. Muir). Specifically, on October 22, 2003, Scott filed his first habeas corpus petition with this Court. On April 8, 2004, this Court granted respondent's motion to dismiss and dismissed Scott's petition as barred by the one year period of limitations set forth in 28 U.S.C. § 2244(d)(1). On April 19, 2004, petitioner filed an appeal of this Court's dismissal to the United States Court of Appeals for the Third Circuit. On October 14, 2004, the Third Circuit Court of Appeals denied Scott's request for a certificate of appealability, finding the following:

> By itself, the period from July 6, 1999, when one of Petitioner's state proceedings concluded on appeal, to November 6, 2001, when his next state proceeding began, was sufficient to exhaust the applicable one-year limitations period. <u>See</u> 28 U.S.C. § 2244(d); <u>see also</u> <u>Stokes v. Dist. Attorney of the County of Phil.</u>, 247 F.3d 539, 542 (3d Cir. 2001)(holding that the time during which a state prisoner may file a petition for certiorari from the denial of state postconviction relief does not toll the limitations period). Moreover, under our precedent, the pendency of the state-court proceeding that began on November 6, 2001 (and which concluded on appeal on September 22, 2003) could not act to toll the

> limitations period. See Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003)(holding that a state postconviction application that was found by the state courts to be untimely under state law could not be deemed "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)). Finally, we conclude that petitioner has failed to make out a case for equitable tolling for any relevant period. See Miller v. N.J. Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998).

Scott vs. Mechling, No. 04-2139 (3rd Cir. 2004).

Presently before the Court is Scott's second habeas petition challenging his second degree murder and robbery convictions. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), in addition to establishing the one year limitations period that barred Scott's first petition, also bars the filing of a second or successive habeas petition unless the petitioner secures leave of the applicable Court of Appeals to proceed. 28 U.S.C. § 2244(b). The threshold question presented here is whether the bar to filing a second or successive § 2254 petition applies where the first petition was dismissed as untimely.

**Discussion**

A second or subsequent petition for habeas corpus relief is not considered "successive" if the initial habeas corpus petition was dismissed for a technical or procedural reason,

4

rather than on the merits. See Slack vs. McDaniels, 529 U.S. 473, 485-487 (2000) (a petition filed after the dismissal of a previous petition for failure to exhaust state remedies, which is not an adjudication on the merits, is not a "second or successive" petition); see also Stewart vs. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (a petition raising the same claim as raised in an earlier petition that was dismissed as premature was not a "second or successive" petition under 28 U.S.C. § 2244(b)(3)(A)). Scott's initial federal habeas petition was dismissed as barred by the applicable one year period of limitations.  Although a dismissal based upon the statute of limitations generally does not involve an examination of the merits of the underlying substantive claims, such a dismissal is considered an adjudication on the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. See Villanueva vs. United States, 346 F.3d 55, 58 (2nd Cir. 2003)(a petition that has been dismissed as time-barred has been decided on the merits and renders any subsequent petition second or successive under AEDPA.); United States vs. Harris, CIV.A. 02-6825, 2002 WL 31859440, *3 (E.D. Pa. Dec. 20, 2002).  As the Second Circuit in Villanueva

explained:

> [T]he dismissal of a [§ 2254 or] § 2255 petition as untimely under AEDPA presents a 'permanent and incurable' bar to federal review of the merits of the claim. The bar is permanent because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.

346 F.3d at 61.[3]

Because Scott previously filed a federal habeas corpus petition challenging his 1975 conviction that was denied "on the merits," rather than on procedural grounds, this new petition constitutes "a second or successive petition." As a result, Scott is required to seek an order from the Third Circuit Court of Appeals authorizing this Court to consider his petition. 28 U.S.C. § 2244(b)(3)(A). As Scott has failed to present such authorization, this petition must be dismissed. This Court lacks jurisdiction to consider Scott's petition for habeas corpus relief and it will be dismissed without prejudice to petitioner's right to seek the necessary

---

[3] The court observed that its reasoning applied with equal force to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254. 346 F.3d at 60 n.1.

authorization from the Third Circuit Court of Appeals to file a second or successive habeas corpus petition.

**IT IS HEREBY ORDERED THAT:**

1. Petitioner's application to proceed <u>in forma pauperis</u> (Doc. No. 2) is **GRANTED** only for the purpose of filing the petition for writ of habeas corpus.

2. The petition for writ of habeas corpus (Doc. No. 1) is **DISMISSED.**

3. The Clerk of Court is directed to **CLOSE** this case.

                                    s/Malcolm Muir

                                    MUIR
                                    United States District Judge